FILED



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 11 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| THOMAS FRONAPFEL, <br><br>         Plaintiff - Appellant, <br><br>  v. <br><br>FARROKH HORMAZDI and EDGAR ROBERTS, <br><br>         Defendants - Appellees. | No. 11-17349 <br><br> D.C. No. 3:09-cv-00562-LRH-VPC <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted May 17, 2013**
San Francisco, California

---

      \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before: CLIFTON and BEA, Circuit Judges, and KORMAN, Senior District Judge.[***]

Thomas Fronapfel was terminated from his position as Field Services Administrator for the State of Nevada Department of Motor Vehicles ("DMV"). He filed an action for money damages under 42 U.S.C. § 1983 against Edgar Roberts, the DMV Director, and Farrokh Hormazdi, the Deputy Director, alleging gender discrimination and First Amendment retaliation claims. The district court granted the Defendants' motion for summary judgment. Fronapfel timely appealed and argues that the district court erred by holding that (1) he failed to adduce evidence sufficient to create a triable issue as to whether the Defendants' proffered reasons for his termination were pretextual, and (2) the speech in question was part of his job duties. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision *de novo*, *see Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1219–20 (9th Cir. 1998), and affirm.

To survive summary judgment on his equal protection claim, Fronapfel must adduce evidence that the several legitimate, non-discriminatory reasons Defendants proffered to justify his termination were pretextual. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 754–55 (9th Cir. 2001) (explaining that summary

[***] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

judgment for an employer is appropriate where "1) there was little to no direct evidence of discriminatory intent, 2) the employer offered legitimate, non-discriminatory reasons for its actions, and 3) the employee did not show these reasons were false or pretextual").  Here, Fronapfel has offered no direct evidence of discriminatory intent, and the Defendants offered several non-discriminatory reasons for the termination.  While Fronapfel disputed the validity of some proffered justifications, those he admitted are sufficient to undermine his allegation that the termination decision was based on discriminatory animus.  In particular, Fronapfel conceded that he (1) played Sudoku in his office when he was supposed to be working, and (2) cut his fingernails and toenails in his office when he was supposed to be working.  Because Fronapfel was an at-will employee, he could be fired for playing Sudoku or grooming himself at work.  *See Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 606 (2008) (stating that it is a "basic principle of at-will employment . . . that an employee may be terminated for a good reason, bad reason, or no reason at all" (internal quotation marks and citations removed)).  Because Fronapfel adduced no evidence that these non-discriminatory reasons were pretextual, the district court was correct to grant the Defendants summary judgment on Fronapfel's equal protection claim.

To survive summary judgment on his First Amendment retaliation claim, Fronapfel must show that he engaged in some constitutionally protected speech. *See Garcetti v. Ceballos*, 547 U.S. 410, 415–20 (2006). Fronapfel based his First Amendment retaliation claim on his (1) speech against denying overtime pay to employees, (2) speech expressing a concern that employee timesheets had been altered to take away earned overtime, and (3) statement that a failure to pay overtime would violate the law. The record shows that the DMV conducted extensive discussions on how to implement the state's new furlough and overtime policies. The record also reveals that Fronapfel took part in these discussions. It was in this context that Fronapfel made his statements about overtime. Thus, Fronapfel acted as a public employee when he spoke about overtime issues; he did not speak as a private citizen. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421.

**AFFIRMED.**